IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MELINDA EBEL, | ) | Bankruptcy Case No. 05-42646 |
| KATHLEEN SCHEEL, | ) | Bankruptcy Case No. 06-40653 |
| ANTHONY CHAMBLISS, | ) | Bankruptcy Case No. 06-40802 |
| JOHNSON'S SIDING & | ) | |
| REPLACEMENT WINDOWS, INC., | ) | Bankruptcy Case No. 06-41008 |
| CHARLES BURNHAM and | ) | |
| KIMBERLY BURNHAM, | ) | Bankruptcy Case No. 06-41087 |
| | ) | |
| Debtors. | ) | Chapter 7 |

## OPINION

These matters having come before the Court on a Motion to Reconsider filed by William Wells and Financial Services Law Practice, P.C., and a Memorandum of Law in Support of Status Conference and Supplemental Brief and Memorandum in Response to Court's April 16, 2007, Order to Show Cause filed by the Office of the United States Trustee; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On July 18, 2007, this Court entered an Opinion and Order in which it found and ruled that William E. Wells, through his firm, Financial Services Law Practice, P.C., or any other entity he may own or be related to, was suspended from practice before the United States Bankruptcy Court for the Southern District of Illinois. William Wells, his firm, Financial Services Law Practice, P.C., and any other entity he may own or be related to, was also directed to fully cooperate with the Office of the United States Trustee, standing trustees, debtor clients, creditors, the Court, and the Office of the Clerk of the United States Bankruptcy Court in all matters related to the transition of pending cases to new counsel for completion. On July 27, 2007, William Wells and Financial Services Law Practice, P.C. filed a Motion to Reconsider this Court's Order of July 18, 2007, seeking to assert additional facts and responses relative to the findings of fact entered by this Court on July 18, 2007.

In conjunction with the Motion to Reconsider, the Office of the United States Trustee has filed a Memorandum of Law asserting that this Court lacked the authority and jurisdiction to suspend William E. Wells and his firm from further practice before the Bankruptcy Court for the Southern District of Illinois, as set forth in the Opinion and Order dated July 18, 2007.

The United States Bankruptcy Court for the Southern District of Illinois is a unit of the District Court and is known as the Bankruptcy Court for that particular district. 28 U.S.C. § 151. This Court is governed by the rules for the United States District Court for the Southern District of Illinois adopted on July 1, 2003. Discipline for attorneys appearing before both the District Court and the Bankruptcy Court in the Southern District of Illinois is governed by SDIL-Local Rule 83.4. The standards of professional conduct are those rules of professional conduct adopted by the Supreme Court of Illinois. SDIL-Local Rule 83.4(d)(2). The Bankruptcy Court has specifically adopted the local rules of the Southern District of Illinois in Local Bankruptcy Rule 1001-2.

This Court's authority and jurisdiction to enter the Order of suspension, on July 18, 2007, is clearly supported by Rule 83.4(n) of the Local Rules of the Southern District of Illinois, which states:

> (n)   **Disciplinary Rule XIV - Jurisdiction**
>
> Nothing contained in these rules shall be construed to deny to this court such powers as are necessary for the court to maintain control over proceedings conducted before it, such as proceedings for contempt under Title 18 of the United States Code or under Rule 42 of the Federal Rules of Criminal Procedure.

This is in keeping with the well-settled rule that a Court has the inherent authority to control the conduct of the parties litigating before it. Chambers v. NACO, Inc., 501 U.S. 32, 111 S.Ct. 2123 (1991). The validity and effect of Rule 83.4(n) is exemplified in the order entered by the United States District Court for the Southern District of Illinois in the case of In re Steven Goldblatt, Esq., Case No. Misc. 07-55-E, on August 24, 2007, wherein Attorney L. Steven Goldblatt was temporarily suspended from practicing law in the Southern District

of Illinois, with his appearance stricken in all pending cases based upon the emergency nature of the proceeding.

This Court recognizes that suspension of an attorney from practice before any Court is a serious matter. The Court feels it imperative to note that its suspension order of July 18, 2007, pertained only to the practice of William Wells and his firm before the Bankruptcy Court in the Southern District of Illinois. This fact must be distinguished from an action to remove William Wells as a member of the bar of the United States District Court for the Southern District of Illinois or before the Supreme Court of Illinois. This Court's order of July 18, 2007, solely related to William Wells' practice before the Bankruptcy Court.

The intent of Congress for Bankruptcy Courts to closely monitor and control the employment, competency, conduct, and compensation of attorneys acting as attorneys for debtors is clearly established by the provisions of 11 U.S.C. §§ 327, 328, 329, and 330. Given the nature of bankruptcy proceedings, it is incumbent upon the Bankruptcy Court to ensure that debtors are properly represented by counsel. The broad powers Congress intended to be conferred upon Bankruptcy Courts is further reflected in 11 U.S.C. § 105(a), which states:

> (a)     The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The actions of William Wells, as clearly set out in this Court's Opinion of July 18, 2007, and other relevant actions of William Wells that have been brought before the Court since that date, serve to establish that immediate action was necessary to protect the rights and interests of hundreds of debtors having William Wells and/or his law firm as bankruptcy counsel. The undisputed facts before the Court establish a continuing pattern of incompetency and misconduct by William Wells in his representation of debtors before this Court. Faced with the serious continuing nature of the incompetence and attorney misconduct displayed by

William Wells, the Court finds that ample authority exists, not only under the Bankruptcy Code and case law, but under the authority of Rule 83.4(n) for this Court to have suspended William Wells from practice before the Bankruptcy Court.

This matter was an emergency. When this Court was first assigned this case, William Wells was faced with complaints against him by a Judge, the United States Trustee, several standing trustees, debtors' and creditors' attorneys, and creditors, but, most importantly, by his own clients. The complaints made against him ranged from incompetence to fraud, false documents, and forgery. Even after he was suspended from practice in the Bankruptcy Court, on June 22, 2007, his transgressions continued, and the complaints have continued to come in. William Wells had several hundred pending cases at the time he was first suspended, and the Court and United States Trustee continue to be notified of problems in many of those cases.

The facts set out in this Court's Opinion, dated July 18, 2007, were uncontested. The record is clear that William Wells' counsel, Spencer Desai, asserted no contest as to the facts outlined in the United States Trustee's brief filed prior to hearing on June 22, 2007, and the facts proffered at hearing on June 22, 2007, by Chapter 7 trustees, Dana Frazier and Laura Grandy. Despite his failure to establish or assert a contest to the facts set out in this Court's July 18, 2007, Order prior to its entry, William Wells has sought to introduce additional facts and responses in both his Motion to Reconsider and in a Brief in Support of Defendant Attorney's Motion to Reconsider, which William Wells filed at hearing in open court on October 29, 2007. These additional facts and responses are not timely, and will not be considered here. The record of these proceedings reflects that hearings were held on these matters on April 16, 2007, June 22, 2007, July 20, 2007, August 20, 2007, September 28, 2007, and October 29, 2007, giving William Wells ample opportunity to be heard regarding the issue of his suspension and no timely contest was made to the facts supporting this Court's July 18, 2007, Opinion and Order.

At the October 29, 2007, hearing, in addition to hearing arguments on William Wells' Motion to Reconsider and the Memorandum of Law of the United States Trustee, the Court also conducted a hearing to determine whether William Wells had complied with the Court's Order of July 18, 2007, directing him to fully cooperate with the United States Trustee's Office, standing trustees, debtor clients, creditors, the Court, and the Office of the Clerk of the United States Bankruptcy Court in all matters relating to the transition of pending cases to new counsel for completion.  At a previous hearing, on September 28, 2007, the Court took notice of and entered into evidence certain documents and records of proceedings, to be discussed below, pertaining to William Wells' failure to comply with the July 18, 2007, Order, not only in his failure to cooperate, but also as to his continued practice in bankruptcy cases even after ordered to cease any such activities.  The material facts taken into evidence at hearing on September 28, 2007, not only reveal William Wells' failure to comply with this Court's Order of suspension, but also exemplify the reasons why this Court felt it imperative to suspend William Wells' from practice pending further review.

Attached to this Opinion are two documents labeled "Attachment No. 1" and "Attachment No. 2" are letters dated July 26, 2007, and July 31, 2007, from William Wells to his clients.  Copies of these letters were supplied to this Court by Attorney Jim Haller, of the law offices of Mueller and Haller, L.L.C. These letters were received by Jim Haller from clients of William Wells.  The content of both the letter of July 26, 2007, and July 31, 2007, clearly indicates that William Wells was not cooperating as envisioned by the July 18, 2007, letter, and that he, in fact, continued to intend to practice before the Bankruptcy Court in the Southern District of Illinois because he was confident that this Court's "absurd order" would be overturned on appeal.  The Court also takes judicial notice of the transcript of a proceeding before the Honorable William V. Altenberger, United States Bankruptcy Judge, in the case of <u>Alan Ray Peterman and Jackie Linn Peterman</u>, Case No. 05-41139, which reflects that, on August 13, 2007, a trial was held on a Motion for Relief from Stay, and

Judge Altenberger was informed by Assistant United States Attorney Gerald Burke, as follows:

> MR. BURKE: Good morning, Your Honor. Gerry Burke on behalf of the United States.
>
> Judge, I received a very strange phone call Friday afternoon near closing time from attorney William Wells. The call essentially -- when Mr. Wells called me, he identified himself as William Wells, Attorney. I told him that I believed -- that I understood he was suspended from practice and that I shouldn't be talking to him.
>
> He made a settlement proposal here in the Peterman case. Basically, he said that his client could be current to within 30 days. I told Mr. Wells it was my understanding that he was suspended from practice and that I wasn't going to talk to him, I wasn't going to negotiate with him. He told me that it was his opinion that he still had his Illinois license and that calling to settle the case wasn't practicing law in federal court. I told him I disagreed with that.
>
> He then told me that his client was sitting there next to him and offered me the opportunity to speak directly with his client. I declined that on ethical grounds. I didn't feel it was appropriate.
>
> Mr. Wells then said, well, it was a long drive up here for his client for today, but that he would have his client here in court this morning.
>
> To my knowledge, Mr. Peterman is not here.

William Wells has not contested either the validity or the accuracy of the statements made by Gerald Burke before Judge Altenberger at hearing on August 13, 2007. <u>See</u>: Attachment No. 3. Here again, there is clear undisputed evidence that William Wells failed to comply with the Order of suspension and failed to cooperate as ordered. Such flagrant disregard for the orders of this Court further exemplifies the immediate need to suspend William Wells from practice before this Court.

Previous to the entry of the Order of suspension on July 18, 2007, William Wells was ordered to disgorge certain attorney fees to each of the bankruptcy estates in the above-captioned cases. As of October 29, 2007, it is undisputed that William Wells has failed to disgorge fees as follows:

| No. 05-42646 | Melinda Ebel | $1,575 ordered to be disgorged on 1/22/07 |
| No. 06-40653 | Kathleen Scheel | $5,900 ordered to be disgorged on 5/7/07 |

| No. 06-40802 | Anthony Chambliss | $3,300 ordered to be disgorged on 5/7/07 |
| No. 06-41008 | Johnson's Siding & Replacement Windows, Inc. | $9,000 ordered to be disgorged on 4/23/07 |
| No. 06-41087 | Charles & Kimberly Burnham | $2,316 ordered to be disgorged on 5/7/07 |

As a result of that failure to disgorge, the Court has entered a separate order finding William Wells in contempt of Court and ordering him to pay $500 sanctions in each of the above-captioned cases, together with the fees yet to be disgorged.  This failure to disgorge fees is further evidence of William Wells' failure to cooperate as ordered on July 18, 2007, and of his disregard for the authority and jurisdiction of this Court.

In addition to the above-described evidence of William Wells' failure to abide by orders of the Court, affidavits and documents continue to be directed to the attention of the Court and to the Office of the United States Trustee raising potential misconduct and violations of this Court's Order by William Wells.  The Court has scheduled a hearing for December 10, 2007, to consider the admissibility and relevancy of any material supplied to the Court or the Office of the United States Trustee.  Included among this evidence is an affidavit of Jason Lewis, alleging that William Wells' office was receiving attorney fees as late as August 3, 2007, and that William Wells' staff back-dated Mr. Lewis' receipt for fees to June 3, 2007, even though these fees were paid on August 3, 2007.  The Court will also consider an affidavit of Mary Abrahamson, alleging that she paid William Wells fees of $898 on July 9, 2007, in violation of this Court's June 27, 2007, Order, and the affidavit of Dan Chester, alleging that he paid $500 in fees on July 13, 2007.  The United States Trustee continues to file new matters for consideration at hearing on December 10, 2007, including five cases that were filed on November 1, 2007.  The Court has not ruled on the admissibility of any of these new matters and has not considered them in rendering this Opinion, but their volume exemplifies the serious and emergency nature of this proceeding.

In conclusion, the Court finds that there is sound authority, as demonstrated by Rule 83.4(n), of the Rules of the District Court for the Southern District of Illinois, cited provisions of the Bankruptcy Code, and case law, to support this Court's Order of suspension entered on July 18, 2007. As such, the Motion to Reconsider filed by William Wells and Financial Services Law Practice, P.C. must be denied.

ENTERED: November  2nd , 2007.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge

---

### Financial Services Law Practice, P.C.
#### WILLIAM E. WELLS, ATTORNEY AT LAW

| Marion Office | Marion Office #2 |
|---|---|
| 13113 Pittsburg Rd. | 408 E. DeYoung |
| Marion, IL 62959 | Marion, IL 62959 |
| Ph: (618) 997-8324 | Ph: (618) 993-7950 |
| Fax: (618) 997-2284 | Fax: (618) 998-4869 |

July 26, 2007

Dear Valued Client:

I am writing to address a potential short term problem and to inform you of the solution to that problem.

First, a judge in the East St. Louis Court has temporarily suspended my ability to practice in the Bankruptcy Court in the Southern District of Illinois. I have appealed this absurd order and I am confident the order will be overturned shortly. However, in the mean time, if you have any court appearances upcoming, I will make arrangements for another attorney to appear in court on your behalf. My license in the State of Illinois is in good standing and I expect to once again be able to take over responsibility for your case, in bankruptcy court, in the near future.

If your case has not yet been filed, I assure you that you will not lose any of the money you have paid to my firm. I have made arrangements with another attorney to take over and service all clients who's cases need service. If you feel that you can wait approximately 45 to 60 days for your case to be filed, I am confident that I will be able to personally take care of your case. If you cannot wait 45 to 60 days for your case to be filed, let me know and we will transfer the case to the firm that has agreed to take over and file your case without you losing any of the money you have paid to my firm for representation in bankruptcy proceedings.

I apologize for any inconvenience the East St. Louis Judge may have caused by his ridiculous, error filled ruling. I will be happy to answer any of your questions and look forward to continuing to represent you in the future.

Sincerely,


William E. Wells
Attorney at Law

ATTACHMENT NO. 1

---

**Financial Services Law Practice, P.C.**
*WILLIAM E. WELLS, ATTORNEY AT LAW*

| Marion Office | Marion Office #2 |
|---|---|
| 13113 Pittsburg Rd. | 408 E. DeYoung |
| Marion, IL 62959 | Marion, IL 62959 |
| Ph: (618) 997-8320 | Ph: (618) 993-7950 |
| Fax: (618) 997-2284 | Fax: (618) 998-0869 |

July 31, 2007

Dear Client(s):

I am writing to address a potential short term problem and to inform you of the solution to that problem.

A judge in the East St. Louis Bankruptcy Court has temporarily suspended my ability to practice in the Bankruptcy Court in the Southern District of Illinois. I have appealed this order and I am confident the order will be overturned shortly. In the mean time, if you have any court appearances upcoming, I will make arrangements for another attorney to appear in court on your behalf. My license in the state of Illinois is in good standing and I expect to once again be able to take over responsibility for your case, in bankruptcy court, in the near future.

Please do not seek help from an attorney outside my firm. Any attorney outside my firm who enters an appearance in your case will likely charge you a substantial amount of money in addition to the fee you have paid my firm. The attorney may hide the charge inside the bankruptcy or he/she may add an up front charge. Either way, you will be unnecessarily paying extra money, probably a lot of extra money, for nothing additional in legal services.

Even if your case has not yet been filed, stay with my firm. I assure you that you will not lose any of the money you have paid to my firm. I have made arrangements with another attorney to take over and service clients who's cases need service. If you feel that you can wait approximately 45 to 60 days for your case to be filed, I am confident that I or another member of my firm will be able to personally take care of your case. If you can not wait 45 to 60 days for your case to be filed, let me know and we will transfer the case to the firm that has agreed to take over and file your case without you losing any of the money you have paid to my firm for representation in bankruptcy proceedings.

I apologize for any inconvenience the East St. Louis Judge may have caused by this temporary suspension. I will be happy to answer any of your questions and look forward to continuing representing you in the future.

Sincerely,

William E. Wells
Attorney at Law

ATTACHMENT NO. 2

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-41139 |
| | ) Chapter 13 |
| ALAN RAY PETERMAN and | ) |
| JACKIE LINN PETERMAN, | ) August 13, 2007 |
| | ) East St. Louis, Illinois |
| Debtor. | ) 9:00 a.m. Docket |
| | ) |
| | ) TRIAL ON MOTION FOR |
| | ) RELIEF FROM STAY |
| | ) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE WILLIAM V. ALTENBERGER,
UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

For USDA Rural             Gerald M. Burke
Housing Service:           OFFICE OF THE UNITED STATES ATTORNEY
                           9 Executive Drive
                           Fairview Heights, IL  62208
                           (618) 628-3710

Electronic Court           Kim Winkeler
Recorder:                  United States Bankruptcy Court
                           Southern District of Illinois
                           750 Missouri Avenue
                           East St. Louis, IL  62201
                           (618) 482-9400

Transcription Service:     Kathy Rehling
                           209 Bay Circle
                           Coppell, TX  75019
                           (972) 304-1998

Proceedings recorded by electronic sound recording;
transcript produced by federally-approved transcription service.

ATTACHMENT NO. 3

EXHIBIT
#6

2

|  |  |
|---|---|
| 1 | EAST ST. LOUIS, ILLINOIS - AUGUST 13, 2007 - 9:45 A.M. |
| 2 | THE CLERK: United States of America Rural Development |
| 3 | versus Alan and Jackie Peterman; Bob Kearney, Trustee. |
| 4 | MR. BURKE: Good morning, Your Honor. Gerry Burke on |
| 5 | behalf of the United States. |
| 6 | Judge, I received a very strange phone call Friday after- |
| 7 | noon near closing time from attorney William Wells. The call |
| 8 | essentially -- when Mr. Wells called me, he identified himself |
| 9 | as William Wells, Attorney. I told him that I believed -- that |
| 10 | I understood he was suspended from practice and that I |
| 11 | shouldn't be talking to him. |
| 12 | He made a settlement proposal here in the Peterman case. |
| 13 | Basically, he said that his client could be current to within |
| 14 | 30 days. I told Mr. Wells it was my understanding that he was |
| 15 | suspended from practice and that I wasn't going to talk to him, |
| 16 | I wasn't going to negotiate with him. He told me that it was |
| 17 | his opinion that he still had his Illinois license and that |
| 18 | calling to settle the case wasn't practicing law in federal |
| 19 | court. I told him I disagreed with that. |
| 20 | He then told me that his client was sitting there next to |
| 21 | him and offered me the opportunity to speak directly with his |
| 22 | client. I declined that on ethical grounds. I didn't feel it |
| 23 | was appropriate. |
| 24 | Mr. Wells then said, well, it was a long drive up here for |
| 25 | his client for today, but that he would have his client here in |

1 court this morning.

2      To my knowledge, Mr. Peterman is not here.

3      THE COURT: Are the Petermans here?

4      (No response.)

5      THE COURT: Okay. They're not here.

6      MR. BURKE: So that's where we're at, Judge. I'm not,

7 frankly, sure what to do with it.

8      THE COURT: Well, it's my understanding that Mr. Wells

9 has been suspended. I've got a copy of Judge Fines' opinion

10 here. And it's also my understanding that he had appealed. It

11 would seem to me that this order is binding until it's re-

12 versed, unless he would file something with this Court that

13 asks that it be suspended pending appeal, which he hasn't done.

14      So what we have here is a case where the debtor has an at-

15 torney who can't represent him, and if he wants to proceed in

16 this Court he's either going to have to do it *pro se* or with a

17 new attorney. He is not here and he doesn't have a new attor-

18 ney. I think the thing to do is to allow the -- has a mortgage

19 foreclosure been filed?

20      MR. BURKE: No, sir. This is --

21      THE COURT: Okay. Are there redemption rights in

22 state court?

23      MR. BURKE: Absolutely. Absolutely there are, Judge.

24      THE COURT: I think the thing to do, then, as nobody

25 is here with an explanation, is we'll just allow the motion for

4

1  relief from stay; you can proceed with your foreclosure.
2      It doesn't mean that he has lost his property. It just
3  means he's going to have to battle it out in state court rather
4  than this Court.
5      MR. BURKE: I understand.
6      THE COURT: All right. Do you need an order on that
7  one?
8      MR. BURKE: I think the minute order will be fine,
9  Your Honor.
10     THE COURT: All right. Okay.
11     MR. BURKE: Thank you, Judge.
12     THE COURT: All right. With that, we'll take a little
13 break here, and then we'll come back.
14     (Proceedings concluded at 9:48 a.m.)
15                      --oOo--
16
17
18
19                    CERTIFICATE
20     I certify that the foregoing is a correct transcript from
21 the electronic sound recording of the proceedings in the above-
22 entitled matter.
23
24  *Kathy Rehling*   Digitally signed by Kathy Rehling
                     Date: 2007.08.20 07:59:24 -05'00'
25 Kathy Rehling, Transcriber                Date

# INDEX

PROCEEDINGS                                                2

WITNESSES

EXHIBITS

RULINGS - Motion for Relief from Stay Granted              3

END OF PROCEEDINGS                                         4

INDEX                                                      5